UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARIO K. JOHNSON | CIVIL ACTION 1:16-CV-00786 |
| VERSUS | JUDGE TRIMBLE |
| WARDEN, FCI-POLLOCK | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Petitioner Johnson filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and the "savings clause" of 28 U.S.C. § 2255 (Doc. 1). Because Johnson has not met the requirements of the savings clause, his petition should be denied.

I. Background

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Mario K. Johnson ("Johnson"). Johnson is challenging his sentence, imposed on October 8, 2008, on one count of distribution of five grams of more of cocaine base, to which he entered a guilty plea in the United States District Court for the Middle District of Louisiana. See United States v. Mario K. Johnson, Docket No. 3:07-CR-00017-01. Johnson was sentenced to 210 months imprisonment, to run consecutively to his previous sentence. His sentence was upheld on appeal. See United States v. Johnson, 332 Fed. Appx. 946 (5th Cir. 2009). Johnson is presently confined in the Federal Correctional Institution in Pollock, Louisiana.

Johnson contends that, pursuant to Persaud v. United States, __U.S.__, 134 S. Ct. 1023 (2014), the Attorney General has changed his position and decided that

sentences which impose a statutory mandatory minimum based on a legal error are cognizable under the "Savings Clause" of 28 U.S.C. 2255(e).

Johnson contends: (1) he was deemed a career offender at sentencing; (2) the two drug convictions used to enhance his sentence were not complete at the time of the offense in the instant case and, therefore, did not qualify as predicate offenses under the career offender guideline; (3) Johnson was sentenced to 210 months imprisonment with the career offender enhancement; and (4) without the enhancement his guideline sentence range would be 77-96 months of imprisonment. Johnson contends his sentence should be vacated and he should be resentenced without a career offender enhancement.

## II. Law and Analysis

Jurisdiction over a § 2241 petition lies in the district where the petitioner is incarcerated. See Lee v. Wetzel, 244 F.3d 370, 373 (5th Cir. 2001). However, § 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under § 2255 is warranted for errors that occurred at trial or sentencing. Jurisdiction over a § 2255 motion lies in the sentencing court. See Lee v. Wetzel, 244 F.3d 370, 373 (5th Cir. 2001). In this case, that is the United States District Court for the Middle District of Louisiana.

Johnson previously filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on March 3, 2010 which was denied by the Middle District of Louisiana in 2010. See U.S. v. Johnson, Docket No. 3:07-CR-00017-01 (Docs. 52, 53, 54). Johnson filed a second § 2255 motion in the Middle District in

2

2015, which was transferred to the United States Court of Appeals for the Fifth Circuit to determine whether Johnson was authorized to file a successive § 2255 motion. The Fifth Circuit denied that authorization. See U.S. v. Johnson, Docket No. 3:07-CR-00017-01 (Docs. 61, 63, 64). Johnson filed a third § 2255 motion in the Middle District in 2016. That motion was denied because it was filed without authorization to file a successive § 2255 motion. See U.S. v. Johnson, Docket No. 3:07-CR-00017-01 (Docs. 74, 80).

Johnson also previously filed in the Middle District: (1) a motion for a concurrent sentence in 2014, which was denied, see U.S. v. Johnson, Docket No. 3:07-CR-00017-01 (Docs. 55, 60); and (2) a motion to reduce sentence pursuant to retroactive application of Amendment 782 to the United States Sentencing Guidelines (effective 11/1/2014), which was denied, see U.S. v. Johnson, Docket No. 3:07-CR-00017-01 (See Docs. 65, 70).

Section 2241 is correctly used to attack the manner in which a sentence is executed. See Lee, 244 F.3d at 372. A petition filed under § 2241 that attacks error that occurred at trial or sentencing is properly construed as a § 2255 motion. See Jeffers v. Chandler, 253 F.3d 827, 829 (5th Cir. 2001), cert. den., 534 U.S. 1001 (2001). This Court lacks jurisdiction to consider Johnson's motion pursuant to § 2255.

Nevertheless, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained when the petitioner can satisfy the requirements of the so-called "savings clause" in § 2255, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall

not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

See Jeffers, 253 F.3d at 829; see also, Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2241 petition is not a substitute for a motion pursuant to § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner. A prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, or other gate-keeping requirements, does not make § 2255 inadequate or ineffective. See Jeffers, 253 F.3d at 829; Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

The factors that must be satisfied for a petitioner to file a § 2241 petition pursuant to § 2255's savings clause are: (1) the petitioner's claim must be based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense; and (2) the claim must have been foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. See Jeffers, 253 F.3d at 829-830 (citing Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001)). The first factor requires that a retroactively applicable Supreme Court decision establish that the petitioner is "actually innocent," or convicted for conduct that did not constitute a crime. The core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law. See Jeffers, 253 F.3d at 830 (citing Reyes-Requena, 243 F.3d at 903-904).

4

In this case, Johnson has not cited any retroactively applicable Supreme Court decision that establishes that the he may have been convicted of a nonexistent offense or is "actually innocent." Johnson appears to argue that Persaud announced that Alleyne v. United States, __U.S.__, 133 S. Ct. 2151 (2013) (holding a petitioner was entitled to a sentence reduction where statutory minimum sentence was unconstitutionally increased based on facts not admitted or proved before a jury beyond a reasonable doubt) applies retroactively to cases on collateral review. However, the Fifth Circuit has held that Persaud is not a substantive decision and thus does not satisfy the requirement of a retroactively applicable Supreme Court decision. See Pettaway v. Vasquez, 654 Fed. Appx. 198, 199 (5th Cir. 2016) (citing Robinson v. United States, 812 F.3d 476, 477 (5th Cir. 2016)); Ali v. Carvajal, 654 Fed. Appx. 172, 173 (5th Cir. 2016); Cheese v. Lara, 653 Fed. Appx. 828, 829 (5th Cir. 2016); Griffin v. Maiorana, 647 Fed. Appx. 430, 431 (5th Cir. 2016); Logan v. Warden, Federal Correctional Complex Beaumont, 644 Fed. Appx. 280, 281 (5th Cir. 2016); Kilcrease v. Daniels, 620 Fed. Appx. 374 (5th Cir. 2015); Vinson v. Maiorana, 604 Fed. Appx. 349, 350 (5th Cir. 2015), cert. den., __U.S.__, 136 S. Ct. 1159 (2016). The Fifth Circuit has also held that Alleyne does not apply retroactively to cases on collateral review. See United States v. Olvera, 775 F.3d 726, 731 (5th Cir. 2015) (citing In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013)); Griffin, 647 Fed. Appx. at 432; Kilcrease, 620 F3d Appx. at 374..

In his reply brief (Doc. 14), Johnson argues that Mathis v. United States, 136 S. Ct. 2243 (U.S. 2016) is applicable to his claim. In Mathis, the Supreme Court held

the modified categorical approach is used to determine whether a prior conviction is a violent felony or serious drug offense as defined in the Armed Career Criminal Act, and prescribed the methodology that must be used. The Court in <u>Mathis</u> held that alternative means to commit an offense are not the same as alternative elements in the offense, and precluded consideration of any state record materials in the federal sentencing decision.

In <u>United States v. Hinkle</u>, 832 F.3d 569 (5th Cir. 2016), the Fifth Circuit applied <u>Mathis</u> to determine whether the Texas offense of delivery of a controlled substance is a controlled substance offense, and qualified as a predicate offense, under U.S.S.G. § 4B1.1 (career offender provision). See also <u>United States v. Tanksley</u>, 848 F.3d 347 (5th Cir. 2017), supplemented, 854 F. 3d 284 (5th Cir. 2017) (considering divisibility of predicate drug offense under the United States Sentencing Guidelines). Recently, in <u>United States v. Zuniga</u>, 869 F.3d 276, 285 (5th Cir. Jun 14, 2017), the Fifth Circuit recognized that <u>Mathis</u> and <u>Hinkle</u> did not change the law, but merely reaffirmed the principle articulated in <u>Descamps v. United States</u>, 133 S. Ct. at 2282, that the modified categorical approach may only be used to narrow an overly broad statute (for a predicate offense) that is divisible, i.e., a statute that sets out alternative elements of an offense, rather than alternative means of committing the offense. <u>Mathis</u> has not been made retroactively applicable and does not indicate that Johnson may have been convicted of a nonexistent offense. See <u>Johnson v. Willis</u>, 2017 WL 3095910 (W.D. Tex. 2017), appeal filed (5th Cir. 8/8/2017);

Robles v. Willis, 2017 WL 1957066, *2 (W.D. Tex. 2017). Therefore, Mathis and its progeny do not satisfy the savings clause requirements.

Since Johnson has not met the savings clause requirements, his claims are not properly brought under § 2241 and his petition must be dismissed.

III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Johnson's § 2241 habeas petition (Doc. 15) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. Section 636(b) (1) (C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except**

7

upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases (and other habeas cases pursuant to see Rule 1(b)) in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. § 2253(c) (2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 28th day of August, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge